IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PATRICK KNOLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:12-CV-68 |
| | § | |
| WELLS FARGO BANK, N.A. and | § | |
| GOVERNMENT NATIONAL | § | |
| MORTGAGE ASSOCIATION, | § | |
| | § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

On March 6, 2012, the Plaintiff filed a "Motion for Temporary Restraining Order with Brief in Support" (docket entry #10). Thereafter, the Defendants filed their "Response in Opposition to Plaintiff's Motion for Temporary Restraining Order" (docket entry #13). The District Court referred the Plaintiff's motion to the undersigned United States Magistrate Judge for a hearing and a report and recommendation as provided by 28 U.S.C. § 636(b)(1)(B). In accordance with the District Court's referral order, this Court conducted a hearing on the Plaintiff's motion for temporary restraining order on this date. Having heard the evidence and the arguments of counsel, the Court finds that the motion should be denied.

The Plaintiff's motion seeks to restrain the Defendants from executing any writs of possession that would dispossess the Plaintiff from his home. However, based on the evidence presented at the hearing on the Plaintiff's motion, the Court lacks jurisdiction to enter a temporary restraining order enjoining the enforcement of the Writ of Possession.

This mortgage dispute involves property located at 2601 Preston Road, Unit 5205, Plano, Texas. Apparently on March 1, 2011, Wells Fargo purchased the property made the subject of this suit at a non-judicial foreclosure sale. After providing written notice to the Plaintiff to vacate the property, and after the Plaintiff failed to so vacate, Wells Fargo filed a forcible detainer action against the Plaintiff in the Justice Court, Precinct 4, Collin County, Texas. On April 28, 2011, the Justice Court entered judgment for possession in favor of Wells Fargo. Thereafter, the Plaintiff appealed the judgment of the Justice Court to the Collin County Court at Law Number 6. On December 2, 2011, the County Court at Law entered judgment in favor of Wells Fargo, awarding Wells Fargo possession of the premises, the issuance of a writ of possession and all costs of court. The Plaintiff did not appeal the judgment of the County Court at Law.

The Plaintiff subsequently filed the instant lawsuit in the 429th Judicial District Court of Collin County, Texas, seeking damages for wrongful foreclosure, conversion, violations of Chapter 51 of the Texas Property Code, and violations of the Texas Business and Commerce Code. The Defendants removed the Plaintiff's lawsuit to this Court on February 9, 2012. As noted previously, the Plaintiff filed his motion for temporary restraining order on March 6, 2012.

Prior to reaching the merits of the Plaintiff's motion for temporary restraining order, the Court must first address a jurisdictional concern. Under the *Rooker-Feldman* doctrine, this Court does not have the authority to interfere with a state court proceeding. *Chamberlain v. 625 Orleans, LP*, 2011 WL 1627080, *4 (E.D. Tex. 2011). "The *Rooker-Feldman* doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct.

1517, 161 L.Ed.2d 454 (2005). Since the Plaintiff's requested relief would be a direct bar to the eviction ordered by the Justice Court and the County Court at Law, it is evident that the Plaintiff is directly attacking the underlying state court orders. *See id*. Further, the Plaintiff's claims are inextricably intertwined with the state court orders. *See id*. "*Rooker-Feldman* precludes federal district courts from exercising subject-matter jurisdiction over collateral attacks on state court judgments." *Id*. (citation omitted). The Court finds that the Plaintiff is asserting a collateral attack on the orders of the Justice Court and the County Court at Law; therefore, this Court does not have jurisdiction to grant the requested temporary restraining order. *See id*.

For these reasons, the Court finds that the Plaintiff's "Motion for Temporary Restraining Order with Brief in Support" (docket entry #10) should be DENIED. Within five (5) days after service of the magistrate judge's report, as stipulated by the parties, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within five days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 7th day of March, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE